# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

**Sheila Coffin Harshman,**

**Individually and by Special Appearance,**

**Plaintiff,**

**v.**                                                      **Case No.:**

**ANNE KENNEY CHAPLIN, in her official capacity as Housing Court Judge;**

**JOSEPH B. MCINTYRE, in his official capacity as Clerk-Magistrate;**

**ZHENGPING SHANG,**

**MARK MULLANEY,**

**ANTHONY ALVA, Esq.,**

**TOM MILLAR, Deputy Sheriff;**

**and JOHN DOES 1–10,**

**Defendants.**

---

## VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF UNDER 42 U.S.C. § 1983 AND THE UNITED STATES CONSTITUTION

Plaintiff, appearing specially and without submitting to jurisdiction, states:

## INTRODUCTION

1. This action arises from the issuance and execution of a writ of possession by the Southeast Housing Court despite the court's on-record admission of lack of subject-matter jurisdiction over key issues of contract enforceability and bankruptcy.

1

2. The plaintiff seeks emergency declaratory and injunctive relief to prevent imminent and irreparable harm from an unlawful eviction scheduled for May 15, 2025, based on a void judgment.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts violations of her constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

## THE PARTIES

4. Plaintiff Sheila Coffin Harshman is the natural living woman, and the principal occupant and possessor of real property located at 62 Pine Avenue, Hyannis, Massachusetts. She appears by Special Appearance and without waiver of jurisdiction defenses.

5. Defendant Anne Kenney Chaplin is a Massachusetts Housing Court judge sued in her official capacity only, for injunctive and declaratory relief.

6. Defendant Joseph B. McIntyre is the Clerk-Magistrate who issued the execution for possession on May 8, 2025, and is sued in his official capacity only.

7. Defendants Zhengping Shang and Mark S. Mullaney are private individuals purporting to hold a right of possession based on a judgment obtained without valid jurisdiction.

8. Defendant Anthony Alva is an attorney who participated in obtaining and enforcing the judgment and is sued in his individual capacity for conspiracy with state actors under the law.

9. Defendant Tom Millar is a Deputy Sheriff executing the writ of possession and is sued in his official capacity.

10. Defendants John Does 1–10 are unknown parties assisting in the unlawful execution or enforcement.

2

## JURISDICTION & VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and may grant declaratory relief under 28 U.S.C. § 2201.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) because all events and omissions giving rise to the claim occurred in Barnstable County, within the District of Massachusetts.

## BACKGROUND

13. On May 8, 2025, Judge Anne Kenney Chaplin presided over a hearing in the Southeast Housing Court where, on information and belief and based on contemporaneous notes and unofficial transcription, she stated on the record that the Housing Court lacks jurisdiction over contract formation, bankruptcy, and enforcement of lender agreements. A certified transcript has been requested and will be submitted as Exhibit A upon receipt.

14. On May 9, 2025, Plaintiff formally submitted a transcript order request to the Massachusetts Trial Court's Office of Transcription Services for the May 8, 2025 Housing Court hearing, including confirmation email and form receipt. Prior efforts were also made to obtain the April 24, 2025 hearing transcript. These documents are attached as Exhibit E.

15. The Plaintiff challenged the court's jurisdiction, appeared only specially, and objected to the proceedings based on defective loan documents and pending litigation in Superior and federal court.

16. Despite this, on May 8, 2025, Clerk Joseph McIntyre issued a writ of execution for possession against Plaintiff, scheduling eviction for May 15, 2025.

3

17. On May 8, 2025, Housing Court Judge Anne Kenney Chaplin stated on the record that the court lacked jurisdiction to adjudicate or examine the underlying construction loan contract, which formed the basis of the foreclosure and eviction action.

18. Despite that jurisdictional limitation, an Execution for Possession was issued on May 9, 2025 — not by the judge, but by Clerk-Magistrate Joseph B. McIntyre. It remains unclear whether the Clerk was aware of the judge's jurisdictional disclaimer or was used to circumvent it.

19. The issuance of a writ following a judicial admission of non-jurisdiction is not a ministerial act; it is a material delegation of judicial power without lawful foundation. If done unknowingly, it represents a misused authority that enabled a potential fraud upon the court. If done knowingly, it constitutes active participation in a scheme to unlawfully dispossess a person of property under color of law.

20. In either scenario, this act supports Plaintiff's claims under 42 U.S.C. § 1983 and the civil RICO statute by demonstrating abuse of public office in furtherance of unlawful deprivation of rights and property. (See Exhibit F.)

21. This execution was based on a judgment rendered by a court that explicitly stated it could not adjudicate the very issues in dispute.

22. On May 8, 2025, Plaintiffs filed a motion in the Housing Court seeking dismissal of all appeals and requesting execution forthwith. In their motion, they asserted there were no pending federal or bankruptcy court actions capable of staying enforcement. This was incorrect and ignores Plaintiff's ongoing jurisdictional objections. (See Exhibit D.)

23. No lawful adjudication of the contract's enforceability or bankruptcy basis was made.

4

24. The eviction threatens immediate and irreparable harm by removing the Plaintiff from her home without lawful authority or due process.

25. On May 5, 2025, the Massachusetts Appeals Court issued a formal docket entry stating that there is no right of appeal from the single justice's order under G.L. c. 231, § 118, and that "the notice of appeal is hereby struck." As a result, the Plaintiff was denied full appellate review of the Housing Court's judgment and has no adequate remedy at law in the state court system. (See Exhibit C, Appeals Court Clerk Notice dated May 5, 2025.)

26. Plaintiff has filed or is actively pursuing related proceedings in Barnstable Superior Court and federal court involving RICO, quiet title, and constitutional claims.

## CLAIMS FOR RELIEF

### COUNT I — VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

27. Plaintiff realleges all prior paragraphs.

28. Defendants acted under the color of law to deprive Plaintiff of her property without due process.

29. The court admitted it lacked jurisdiction yet enforced a judgment against Plaintiff.

### COUNT II — UNLAWFUL SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

30. The execution and removal of Plaintiff from her property constitutes a warrantless, unlawful seizure.

31. There was no lawful authority for the seizure because the underlying judgment is void.

### COUNT III — INJUNCTIVE RELIEF TO HALT ULTRA VIRES STATE ACTION

32. Defendants acted outside their lawful powers by enforcing a judgment from a court lacking jurisdiction over the subject matter.

## COUNT IV — DECLARATORY JUDGMENT

**33.** The plaintiff seeks a declaration that the execution and judgment are void and unenforceable.

## PREFERRED METHOD OF COMMUNICATION:

Plaintiff respectfully requests and requires that all court communications, notices, and service of documents be directed to her via email at [insert your email address here], pursuant to the need for prompt notice, preservation of the record, and to mitigate ongoing displacement and duress. Plaintiff affirms this request under penalty of perjury and reserves all rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

    **A.** A temporary restraining order enjoining the eviction scheduled for May 15, 2025.

    **B.** A preliminary and permanent injunction prohibiting Defendants from enforcing the judgment or writ.

    **C.** A declaratory judgment declaring the judgment and execution void for lack of jurisdiction.

    **D.** An order restoring possession if Plaintiff is unlawfully removed.

    **E.** Such further relief as the Court deems just and proper.

## Exhibit List:

- **Exhibit A** – Transcript Placeholder

Unofficial transcript and/or contemporaneous notes from May 8, 2025, Southeast Housing Court hearing before Judge Anne Kenney Chaplin, where the court stated on the record that it lacked jurisdiction over contract and bankruptcy matters. A certified transcript has been requested and will be filed upon receipt.

6

- **Exhibit B** – Execution and Eviction Notice

Copy of the Execution for Possession issued May 8, 2025, and the eviction notice served by Barnstable County Deputy Sheriff, setting removal for May 15, 2025, at 11:00 AM.

- **Exhibit C** – Appeals Court Clerk Notice of Docket Entry (May 5, 2025)

Formal docket entry from the Massachusetts Appeals Court striking the notice of appeal and confirming no further appellate remedy is available under G.L. c. 231, § 118.

- **Exhibit D** – Plaintiffs' Motion to Dismiss Appeal and Demand for Execution (May 8, 2025)

Filed in Southeast Housing Court by Plaintiffs Zhengping Shang and Mark S. Mullaney, requesting dismissal of all pending motions and asserting no pending federal or bankruptcy stay despite ongoing jurisdictional objections and due process claims.

- **Exhibit E – Transcript Order Form, Confirmation, and Prior Request for Record (April–May 2025)**

  **Includes:**

  1) Plaintiff's formal order form submission to the Massachusetts Trial Court's Office of Transcription Services on May 9, 2025,
  2) confirmation email of submission receipt, and
  3) prior email to the Supreme Judicial Court clerk requesting assistance in obtaining the April 24, 2025 hearing transcript.

- **Exhibit F – Supplemental Statement on Fraudulent Execution and Clerk's Role (May 8–9, 2025)** Submitted in support of Verified Complaint and TRO Motion. Analysis of post-jurisdictional disclaimer actions by the Clerk-Magistrate in issuing the Execution for Possession following the Court's admission that it lacked authority over the underlying contract.

Respectfully submitted,

Sheila Coffin Harshman
Plaintiff, appearing specially
sheila@sheilacoffinharshman.com
c/o 62 Pine Avenue
Hyannis, MA 02601
508·332·9805

7

**VERIFICATION** I, Sheila Coffin Harshman, declares under the penalty of perjury that the foregoing is true and correct based on my personal knowledge.

Per **28 U.S.C. § 1746 (2)**

Executed this 10th day of May, 2025.

Sheila Coffin Harshman
Plaintiff, appearing specially
sheila@sheilacoffinharshman.com
c/o 62 Pine Avenue
Hyannis, MA 02601
10 May, 2025